# United States Court of Appeals

## FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

No. 20-5195                                         September Term, 2019

1:20-cv-01710-BAH

**Filed On:** July 21, 2020

Open Technology Fund, et al.,

        Appellants

    v.

Michael Pack, in his official capacity as Chief
Executive Officer and Director of the U.S.
Agency for Global Media,

        Appellee

**BEFORE:**    Tatel, Griffith, and Millett, Circuit Judges

## O R D E R

Upon consideration of the emergency motion for injunction pending appeal, the opposition thereto, the reply, and appellants' Rule 28(j) letter, it is

**ORDERED** that the motion for injunction pending appeal be granted. The government is hereby enjoined from taking any action to remove or replace any officers or directors of the Open Technology Fund ("OTF") during the pendency of this expedited appeal. The officers and directors of OTF that were in those roles prior to the government's actions on June 17, 2020, shall continue in their normal course throughout the pendency of this appeal.

Appellants have satisfied the stringent requirements for an injunction pending appeal. See Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); D.C. Circuit Handbook of Practice and Internal Procedures 33 (2019).

Initially, appellants have demonstrated a likelihood of success on the merits. At this juncture, it appears likely that the district court correctly concluded that 22 U.S.C. § 6209(d) does not grant the Chief Executive Officer of the United States Agency for Global Media, Michael Pack, with the authority to remove and replace members of OTF's board. OTF is not a broadcaster, is not mentioned in § 6209(d), and is not sufficiently similar to the

broadcast entities expressly listed in § 6209(d) to fit within the statutory text. As for the government's argument that the bylaws authorize such intervention by Mr. Pack, they appear at this juncture only to reference the exercise of statutory authority, which does not seem to include control of OTF's board or operations.

Appellants have also demonstrated irreparable harm because the government's actions have jeopardized OTF's relationships with its partner organizations, leading its partner organizations to fear for their safety. Cf. Bellsouth Telecomm., Inc. v. MCIMetro Access Transmission Servs., LLC, 425 F.3d 964, 970 (11th Cir. 2005) ("[L]oss of customers and goodwill is an irreparable injury.") (internal citation omitted); Promatek Indus., Ltd. v. Equitrac Corp., 300 F.3d 808, 813 (7th Cir. 2002) (loss of goodwill is irreparable harm). Further, absent an injunction during the appellate process, OTF faces an increasing risk that its decision-making will be taken over by the government, that it will suffer reputational harm, and that it will lose the ability to effectively operate in light of the two dueling boards that presently exist.

Finally, the balance of the equities and the public interest weigh in favor of an injunction. The government has asserted no irreparable harm or injury to the public interest beyond the claimed right to exercise the very powers that are at the heart of this litigation and for which appellants have shown a likelihood of success on appeal. And an injunction pending appeal will be relatively short-lived because of the highly expedited schedule for this appeal.

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:      /s/
Lynda M. Flippin
Deputy Clerk